# Exhibit B

| UNITED STATES BANKRUPTCY COURT Western District of North Carolina | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor  Jason Vicks | Case Number 12-32648 | **FILED** U.S. Bankruptcy Court Western District of NC Steven T. Salata, Clerk 2/22/2013 COURT USE ONLY |

NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
CFAM FINANCIAL SERVICES, LLC

Name and address where notices should be sent:
P.O. BOX 601608
DALLAS, TX 75360

Telephone number:214-233-8202  email:MICKY.COLVIN@CFAMLEGAL.OM

☐ Check this box if this claim amends a previously filed claim.
Court Claim Number: _____
 (If known)

Filed on: _____

Name and address where payment should be sent (if different from above):
JP MORGAN CHASE (TX-0029)
ATTN: CFAM FINANCIAL SERVICES
BOX #731847
14800 FRYE ROAD, 2ND FLOOR
FT. WORTH, TX 76155
Telephone number:214-233-8202  email:MICKY.COLVIN@CFAMLEGAL.COM

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:**    $    6977.89

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:**  _____MONEY LOANED_____
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: **9001** | 3a. Debtor may have scheduled account as: __WELLS FARGO__ (See instruction #3a) | 3b. Uniform Claim Identifier (optional): _____ (See instruction #3b) |
|---|---|---|

4. **Secured Claim**
(See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☑ Motor Vehicle  ☐ Other
Describe: 2003 HUMMER H2 - VIN 5GRGN23U23H120

Value of Property: $ _____

Annual Interest Rate: __ %  ☐ Fixed or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

Basis for perfection:    CERTIFICATE OF TITLE

Amount of Secured Claim:    $    6977.89

Amount Unsecured:    $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

Amount entitled to priority:
$ _____

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C.§ 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(__).

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

| | |
|---|---|
| **7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim is being filed with this claim. *(See instruction #7, and the definition of "redacted".)* | |
| DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. | |
| If the documents are not available, please explain: | |

**8. Signature:** *(See instruction #8)*

Check the appropriate box.

☒ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:     DAVID LEONARD
Title:              PORTFOLIO MANAGER
Company:     CFAM FINANCIAL SERVICES, LLC
Address and telephone number (if different from notice address above):   Filing a proof of claim electronically deems the claim signed by the creditor or authorized person     2/22/2013
                                                                            (Signature)                                                                                                        (Date)

Telephone number:          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE
THIS IS A CONSUMER CREDIT TRANSACTION

Dealer Number _____   Contract Number _____

**Buyer and Co-Buyer Name and Address (Including County and Zip Code)**
JASON BRYAN VICKS
KERIESHA MYLES VICKS
2002 MASTER GUNNER CT
INDIAN TRAIL NC 28079 UNION

**Creditor - Seller (Name and Address)**
PARKS AUTOMOTIVE INC.
DBA PARKS SUZUKI
2307 N MAIN STREET
HIGH POINT NC 27262

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2003 | HUMMER H2 | 5GRGN23U23H120302 | ☒ personal, family or household ☐ business ☐ agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| 14.33 % | $16660.22 | $36943.00 | $53603.22 | $53603.22 (down payment $0.00) |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 66 | 812.17 | Monthly beginning 05/23/2007 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5 % of the part of the payment that is late. If the vehicle is primarily for personal, family, household, or agricultural use, the maximum charge for each late payment will be $6.00.

**ITEMIZATION OF AMOUNT FINANCED**
1. Cash Price (including $1062.00 sales tax) ........... $36462.00 (1)
2. Total Downpayment =
   Trade-in _____ (Year) (Make) (Model)
   Gross Trade-in Allowance $ N/A
   Less Pay Off Made By Seller $ N/A
   Equals Net Trade in $ N/A
   + Cash $ N/A
   + Other N/A $ N/A
   (If total downpayment is negative, enter "0" and see 4H below) $ N/A
3. Unpaid Balance of Cash Price (1 minus 2) .......... $36462.00 (2)
4. Other Charges including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts):
   A. Cost of Optional Credit Insurance Paid to Insurance Company or Companies. Life $ N/A Disability $ N/A
   B. Vendor's Single Interest Insurance Paid to Insurance Company $ N/A
   C. Other Insurance Paid to the Insurance Company $ N/A
   D. Official Fees Paid to Government Agencies N/A $ N/A
   E. Government Taxes Not Included in Cash Price N/A $ N/A
   F. Government License and/or Registration Fees LICENSE/TEMP TAG $ 47.00
   G. Government Certificate of Title Fees $ 35.00
   H. Other Charges (Seller must identify who is paid and describe purpose)
      to N/A for Prior Credit or Lease Balance $ N/A
      to N/A for N/A $ N/A
      to PARKS AUTO for DOC FEE $ 399.00
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
      to N/A for $ N/A
   Total Other Charges and Amounts Paid to Others on Your Behalf $ 481.00 (4)
5. Amount Financed (3 + 4) $ 36943.00 (5)

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below. Your decision to buy or not buy insurance will not be a factor in the credit approval process.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:
**Optional Credit Insurance**
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability (Buyer Only)
Premium: Credit Life $ N/A   Credit Disability $ N/A
Insurance Company Name N/A
Home Office Address _____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process...

**Other Insurance**
☐ N/A   N/A
Type of Insurance   Term
Premium $ N/A
Insurance Company Name N/A
Home Office Address N/A

I want the insurance checked above.
X _____ Buyer Signature  Date
X _____ Co-Buyer Signature  Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

Returned Check Charge: You agree to pay a charge of $25.00 if any check you give us is dishonored.

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI Insurance):** If the preceding box is checked, the Creditor requires VSI Insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI Insurance is for the Creditor's sole protection. This Insurance does not protect your interest in the vehicle. You may choose the Insurance company through which the VSI Insurance is obtained. If you elect to purchase VSI Insurance through the Creditor, the cost of this Insurance is $ N/A and is also shown in item 4B of the ITEMIZATION OF AMOUNT FINANCED. The coverage is for the initial term of the contract.

**OPTION:** ☐ You pay no finance charge if the amount financed, item 5, is paid in full on or before N/A , Year _____ . SELLER'S INITIALS _____

### NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**NOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _____ Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

**NOTICE TO RETAIL BUYER:** Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____  Date 04/23/07   Co-Buyer Signs X _____ Date 04/23/07
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____
Seller signs PARKS AUTOMOTIVE INC. DBA PARKS SUZUKI  Date 04/23/07  By _____ Title F&I

Seller assigns its interest in this contract to WELLS FARGO FINANCIAL ACCEPT. (Assignee) under the terms of Seller's agreement(s) with Assignee.
PARKS AUTOMOTIVE INC.   ☒ Assigned without recourse   ☐ Assigned with limited recourse
Seller DBA PARKS SUZUKI   By _____ F&I

ORIGINAL LIENHOLDER

OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. How we will figure Finance Charge. We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. How we will apply payments. We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. How late payments or early payments change what you must pay. We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. You may prepay. You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

2. **YOUR OTHER PROMISES TO US**
   a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. Security Interest.
   You give us a security interest in:
   - The vehicle and all parts or goods installed in it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
   This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. Insurance you must have on the vehicle.
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and charge you must pay. The charge will be the cost of the insurance and a finance charge at the Annual Percentage Rate shown on the front of this contract.
   If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. What happens to returned insurance, maintenance, service, or other contract charges. If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
   - You do not pay any payment on time;
   - You start a proceeding in bankruptcy or one is started against you or your property; or
   - You break any agreements in this contract.
   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. You may have to pay collection costs. If we hire an attorney to collect what you owe, you will pay reasonable attorney's fees and court costs as permitted by law.
   d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. How you can get the vehicle back if we take it. If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
   We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   Unless the Seller makes an express warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. Applicable Law. Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only if the "personal, family or household" or "agricultural" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

## STATE OF NORTH CAROLINA

MVR 19! (Rev 06 06)

# CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE | BODY STYLE |
|---|---|---|---|
| 5GRGN23U23H120302 | 2003 | HUMM | MP |

TITLE NUMBER: 770640071411098

TITLE ISSUE DATE: 05/26/2007

PREVIOUS TITLE NUMBER:

ODOMETER READING: 044379

ODOMETER STATUS:

TITLE BRANDS:

MAIL TO:
WELLS FARGO FINANCIAL ACCEPT
PO BOX 250
ESSINGTON  PA  19029-0250

OWNER(S) NAME AND ADDRESS

JASON BRYAN VICKS
MEKEISHA MYLES VICKS
2002 MASTER GUNNER CT
INDIAN TRAIL  NC  28079-3420

The Commissioner of Motor Vehicles of the State of North Carolina hereby certifies that an application for a certificate of title for the herein described vehicle has been filed pursuant to the General Statutes of North Carolina and based on that application, the Division of Motor Vehicles is satisfied that the applicant is the lawful owner. Official records of the Division of Motor Vehicles reflect vehicle is subject to the liens, if any, herein enumerated at the date of issuance of this certificate

As WITNESS, his hand and seal of this Division of the day and year appearing in this certificate as the title issue date

*[signature]*

COMMISSIONER OF MOTOR VEHICLES

FIRST LIENHOLDER   DATE OF LIEN   05/21/2007
WELLS FARGO FINANCIAL ACCEPT
PO BOX 250
ESSINGTON  PA  19029-0250

LIEN RELEASED BY
SIGNATURE _____
TITLE _____ DATE _____

SECOND LIENHOLDER   DATE OF LIEN

LIEN RELEASED BY
SIGNATURE _____
TITLE _____ DATE _____

THIRD LIENHOLDER   DATE OF LIEN

LIEN RELEASED BY
SIGNATURE _____
TITLE _____ DATE _____

FOURTH LIENHOLDER   DATE OF LIEN

LIEN RELEASED BY
SIGNATURE _____
TITLE _____ DATE _____

ADDITIONAL LIENS

84706071

098  T1C0982

**ANY ALTERATIONS OR ERASURES VOID TITLE**

| Posted | Transaction ID | Description | Amount | Balance |
|---|---|---|---|---|
| 6/13/2007 | | Import:Pre Charge-off:Payment | 818.17 | $0.00 |
| 7/16/2007 | | Import:Pre Charge-off:Payment | 818.17 | $0.00 |
| 8/20/2007 | | Import:Pre Charge-off:Payment | 820.00 | $0.00 |
| 9/14/2007 | | Import:Pre Charge-off:Payment | 816.34 | $0.00 |
| 10/17/2007 | | Import:Pre Charge-off:Payment | 816.17 | $0.00 |
| 11/21/2007 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 11/21/2007 | | Import:Pre Charge-off:Payment Reversal | -812.17 | $0.00 |
| 11/27/2007 | | Import:Pre Charge-off:Payment | 820.17 | $0.00 |
| 12/20/2007 | | Import:Pre Charge-off:Payment | 804.17 | $0.00 |
| 1/17/2008 | | Import:Pre Charge-off:Payment | 826.17 | $0.00 |
| 2/21/2008 | | Import:Pre Charge-off:Payment | 818.17 | $0.00 |
| 3/20/2008 | | Import:Pre Charge-off:Payment | 818.17 | $0.00 |
| 4/22/2008 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 5/21/2008 | | Import:Pre Charge-off:Payment | 815.00 | $0.00 |
| 6/19/2008 | | Import:Pre Charge-off:Payment | 840.00 | $0.00 |
| 7/22/2008 | | Import:Pre Charge-off:Payment | 805.51 | $0.00 |
| 8/20/2008 | | Import:Pre Charge-off:Payment | 818.17 | $0.00 |
| 9/22/2008 | | Import:Pre Charge-off:Payment | 818.17 | $0.00 |
| 10/20/2008 | | Import:Pre Charge-off:Payment | 818.17 | $0.00 |
| 11/21/2008 | | Import:Pre Charge-off:Payment | 818.17 | $0.00 |
| 12/19/2008 | | Import:Pre Charge-off:Payment | 818.17 | $0.00 |
| 1/22/2009 | | Import:Pre Charge-off:Payment | 818.17 | $0.00 |
| 2/20/2009 | | Import:Pre Charge-off:Payment | 818.17 | $0.00 |
| 3/20/2009 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 4/20/2009 | | Import:Pre Charge-off:Payment | 824.17 | $0.00 |
| 5/20/2009 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 6/22/2009 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 7/22/2009 | | Import:Pre Charge-off:Payment | 824.17 | $0.00 |
| 8/20/2009 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 9/18/2009 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 10/22/2009 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 11/18/2009 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 12/22/2009 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 1/20/2010 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 2/22/2010 | | Import:Pre Charge-off:Payment | 818.17 | $0.00 |
| 3/17/2010 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 4/21/2010 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 5/21/2010 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |

| Posted | Transaction ID | Description | Amount | Balance |
|---|---|---|---|---|
| 6/22/2010 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 7/30/2010 | | Import:Pre Charge-off:Payment | 813.00 | $0.00 |
| 8/23/2010 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 10/13/2010 | | Import:Pre Charge-off:Payment | 1623.51 | $0.00 |
| 1/21/2011 | | Import:Pre Charge-off:Payment | 2460.51 | $0.00 |
| 4/21/2011 | | Import:Pre Charge-off:Payment | 1624.34 | $0.00 |
| 4/21/2011 | | Import:Pre Charge-off:Payment Reversal | -1624.34 | $0.00 |
| 4/29/2011 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 6/7/2011 | | Import:Pre Charge-off:Payment | 2450.00 | $0.00 |
| 6/28/2011 | | Import:Pre Charge-off:Payment | 812.17 | $0.00 |
| 8/31/2011 | | Import:Pre Charge-off:Payment | 1624.34 | $0.00 |
| 8/31/2011 | | Import:Pre Charge-off:Payment Reversal | -1624.34 | $0.00 |
| 10/31/2011 | | Import:Pre Charge-off:Charge-Off | 14002.06 | $0.00 |
| 11/1/2011 | | WellsFargo PMT | 3000.00 | $0.00 |
| 11/9/2011 | | Import:Post Charge-off:Western Union | 3000.00 | $0.00 |
| 12/1/2011 | | WellsFargo PMT | 812.17 | $0.00 |
| 12/15/2011 | | Import:Post Charge-off:Description Unknown | 812.17 | $0.00 |
| 1/1/2012 | | WellsFargo PMT | 812.00 | $0.00 |
| 1/27/2012 | | Import:Post Charge-off:Western Union | 812.00 | $0.00 |
| 3/1/2012 | | WellsFargo PMT | 900.00 | $0.00 |
| 3/27/2012 | | Import:Post Charge-off:Western Union | 900.00 | $0.00 |
| 5/29/2012 | 0 | CFAM Starting Account Balance | 0.00 | $8,477.89 |
| 8/20/2012 | | CFAM Payment - Wire Transfer, Ref #: | 1500.00 | $6,977.89 |

## LIMITED POWER OF ATTORNEY

Reference is made to that certain Purchase Agreement ("Purchase Agreement") dated as of June 12, 2012, by and between Wells Fargo Bank, N.A. ("WFB"), and the State Affiliates of Wells Fargo Financial, Inc., signatory thereto (collectively with WFB, "Sellers" or "Principals") and CFAM Financial Services, LLC ("Buyer" or "Attorney-in-Fact").

KNOW ALL MEN BY THE PRESENTS THAT the Principals hereby make, constitute and appoint Buyer (or any of its authorized agents, officers, employees or representatives) as Principals' true and lawful attorney-in-fact, with full power of substitution, for the limited purposes of (a) receiving, endorsing, depositing and collecting any checks, drafts, money orders or other instruments or other forms of payment received from or on behalf of Obligors or from insurance companies, vendors or third parties under Receivables sold by the Principals to Attorney-in-Fact under the Purchase Agreement, (b) executing on behalf of Principal, or enforcing, releasing, modifying and transferring the rights, privileges and interests of Principal with respect to the Receivables, and (c) transferring or releasing titles, security interests, or liens on the motor vehicles that secure the Receivables.

All acts for or on behalf of Principals by Attorney-in-Fact pursuant to the limited authority granted hereby shall be with the same force and effect as if the same had been done by the Principals. Principals do hereby intend that this power of attorney be coupled with an interest and declare this power of attorney to be irrevocable notwithstanding any reason whatsoever, including without limitation any Principal's dissolution, merger, consolidation or any other change in such Principal. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Purchase Agreement.

This Limited Power of Attorney is subject to the terms and conditions of the aforementioned Purchase Agreement.

WELLS FARGO BANK, N.A.

By: _[signature]_

Name: _Adam S. Pipe_

Title: _V.P., Director_

For itself and for and on behalf of the other Sellers under the Purchase Agreement.

**BILL OF SALE**
and
**ASSIGNMENT OF RECEIVABLES**
Pursuant to
**PURCHASE AGREEMENT**

**FOR GOOD AND VALUABLE CONSIDERATION**, the receipt and sufficiency of which are hereby acknowledged, in accordance with that certain Purchase Agreement ("Purchase Agreement") dated as of June 12, 2012, by and among Wells Fargo Bank, N.A., ("WFB"), and the State Affiliates of Wells Fargo Financial, Inc., signatory thereto (collectively with WFB, "Sellers"), and CFAM Financial Services, LLC, a Texas limited liability company ("CFAM"), as the same has been assigned by CFAM to CFAM Auto Capital-XII, L.P., a Texas limited partnership ("Buyer"), on and subject to the terms, provisions, conditions, limitations, waivers and disclaimers and conditions of the Purchase Agreement, Sellers hereby sell, assign, transfer and convey to Buyer all of Sellers' right, title and interest and claims arising in and to the Receivables, which account numbers are identified on Schedule 1 attached hereto and made a part hereof for all purposes, and all claims and proceeds of any kind with respect to the Receivables, together with all of Sellers' right, title and interest in and to the Receivable Documents. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Purchase Agreement.

By acceptance of this Bill of Sale and Assignment of Receivables, Buyer hereby acknowledges that Sellers are making no representation or warranty with respect to the assets being conveyed hereby except as set forth in the Purchase Agreement. Sellers, for themselves, and their successors and assigns, hereby covenant and agree that, at any time and from time to time forthwith upon the written request of Buyer, they will do or cause to be done all of such further acts and deeds as may reasonably be required by Buyer in order to assign, transfer and convey unto and vest in Buyer title to the assets sold, conveyed, transferred and delivered by this Bill of Sale and Assignment of Receivables.

IN WITNESS WHEREOF, WFB, for itself and for and on behalf of the other Sellers under the Purchase Agreement, has executed this Bill of Sale and Assignment of Receivables as of June 13, 2012, to be effective as of the Closing Date.

WELLS FARGO BANK, N.A.

By: _____

Name: _Adam S. Pipe_

Title: _V.P. Director_

For itself and for and on behalf of the other Sellers
under the Purchase Agreement

| UNITED STATES BANKRUPTCY COURT Western District of North Carolina | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Jason Vicks | Case Number: 12-32648 | **FILED**<br>U.S. Bankruptcy Court<br>Western District of NC<br>Steven T. Salata, Clerk<br>3/19/2013<br><br>COURT USE ONLY |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
CFAM FINANCIAL SERVICES, LLC

Name and address where notices should be sent:
P.O. BOX 601608
DALLAS, TX 75360

Telephone number: 214-233-8202   email: MICKY.COLVIN@CFAMLEGAL.COM

☑ Check this box if this claim amends a previously filed claim.
Court Claim Number: __5__
(*If known*)

Filed on: 02/22/2013

Name and address where payment should be sent (if different from above):
PAY TO: CFAM FINANCIAL SERVICES, LLC
MAIL TO: JP MORGAN CHASE (TX-0029)
ATTN: CFAM FINANCIAL SERVICES
BOX #731847, 14800 FRYE RD, 2ND FLOOR
FORT WORTH, TX 76155
Telephone number: 214-233-8202   email: MICKY.COLVIN@CFAMLEGAL.COM

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**   $ __6977.89__

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** __MONEY LOANED__
(*See instruction #2*)

| 3. Last four digits of any number by which creditor identifies debtor: __9001__ | 3a. Debtor may have scheduled account as: __WELLS FARGO__ (*See instruction #3a*) | 3b. Uniform Claim Identifier (optional): _____ (*See instruction #3b*) |
|---|---|---|

**4. Secured Claim**
(*See instruction #4*)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☑ Motor Vehicle   ☐ Other
Describe: 2003 HUMMER H2 – VIN 5GRGN23U23H120

Value of Property: $ _____

Annual Interest Rate: __ %  ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

Basis for perfection: __CERTIFICATE OF TITLE__

Amount of Secured Claim: $ __6977.89__

Amount Unsecured: $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

Amount entitled to priority:
$ _____

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(__).

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (*See instruction #6*)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** *(See instruction #8)*

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:     DAVID LEONARD
Title:          PORTFOLIO MANAGER
Company:     CFAM FINANCIAL SERVICES, LLC
Address and telephone number (if different from notice address above):   Filing a proof of claim electronically deems the claim signed by the creditor or authorized person      3/19/2013
                                                                         (Signature)                                                                                      (Date)

Telephone number:          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.