# Exhibit D



Case 14-30679    Doc 33    Filed 08/18/14    Entered 08/18/14 15:02:46    Desc Main Document    Page 1 of 2

FILED & JUDGMENT ENTERED
Steven T. Salata

Aug 18 2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T. Beyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re | ) |
| | ) Chapter 13 |
| Jason Brian Vicks | ) |
| | ) Case # 14-30679 |
| | ) |
| SSAN/Tax I.D.#    xxx-xx-7014 | ) |
| | ) |
| | ) |
| Debtor(s) | ) |

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO CONFIRMATION AND GRANTING MOTION TO DISMISS

This matter came before the Court pursuant to the trustee's objection to confirmation and motion to dismiss the case of the above-referenced Chapter 13 debtor. A hearing on the trustee's objection and motion was held on August 12, 2014 in open court. Present at the hearing were the debtor and the trustee, both appearing *pro se*, and counsel for Ocwen Loan Servicing, LLC ("Ocwen") and Consumer Finance Asset Management ("CFAM"). After considering the arguments of the parties and the record before it, the Court finds and concludes as follows:

1. The debtor's case was filed on April 23, 2014. As of the date of the hearing on the trustee's objection and motion the debtor had made none of his proposed plan payments to the trustee. Pursuant to 11 U.S.C. 1326(a)(1), unless the Court orders otherwise, a debtor shall commence making payments pursuant to the terms of the proposed plan within thirty days after the date of the filing of the plan or the order for relief, whichever is earlier. Additionally, the debtor's failure to timely make all proposed monthly plan payments demonstrates a lack of feasibility and fails to satisfy the requirement of 11 U.S.C. Section 1325(a)(6).

2. The debtor filed his proposed plan on May 8, 2014. The plan proposed payments to the trustee of $75.00 per month for a term of 60 months. The plan made no provision for the treatment of the secured claim of Ocwen – which is secured by a first deed of trust lien on the real property constituting the debtor's principal residence – or the secured claim of CFAM – which is purportedly secured by a lien noted on the certificate of title of the debtor's 2003 Hummer H2

automobile – other than the one-word comment of "Avoidance" without explanation. As a result, the debtor's proposed plan fails to satisfy the requirements of 11 U.S.C. Section 1325(a)(3) and (a)(5) for the reasons that the plan is not proposed in good faith and does not specifically provide for the treatment of each allowed secured claim.

3. The debtor's proposed plan lists priority unsecured claims for the Department of Treasury – Internal Revenue Service ("IRS") in the amount of $128,680.90 and the North Carolina Department of Revenue ("NCDR") in the amount of $20,721.62. While NCDR has not filed a proof of claim in the case to date, IRS has filed a priority unsecured claim in the amount of $140,039.17. Aside from a notation in the Schedule of Unsecured Priority Claims filed with the Chapter 13 petition that the claims are "Disputed", the plan provides no explanation for the basis of such dispute or how the claims are to be provided for by the plan, if at all. As a result, the debtor's proposed plan fails to satisfy the requirement of 11 U.S.C. Section 1322(a)(2).

4. For the reasons stated above, the Court does conclude that the debtor's proposed plan does not satisfy the requirements of confirmation and confirmation should, therefore, be denied. In addition, good cause exists to dismiss the debtor's Chapter 13 case pursuant to 11 U.S.C. Section 1307(c)(1) and (4).

Based upon the foregoing, **IT IS HEREBY ORDERED** as follows:

1. The trustee's objection to confirmation of the debtor's proposed plan is **sustained**.

2. The trustee's motion to dismiss the debtor's Chapter 13 case is **granted**.

This Order has been signed electronically.
The Judge's signature and the Court's seal               United States Bankruptcy Court
appear at the top of the Order.