**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14CV700-RJC-DSC**

| | |
|---|---|
| JASON VICKS, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CFAM FINANCIAL SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss … " (document #8), as well as the parties' briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as discussed below.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The pro se Plaintiffs asserts claims under the Fair Debt Collection Practices Act (FDCPA), the North Carolina Debt Collection Act (NCDCA), the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA") and for "Noncompliance with Repossession of Vehicle Without A Security Interest."

1

On April 23, 2007, Plaintiffs executed a promissory note ("Note") in favor of Parks Automotive, Inc. dba Parks Suzuki ("Parks") evidencing a loan for the purchase a 2003 Hummer H2 ("the vehicle"). The principal amount of the Note was $36,943.00. The Note called for sixty-six monthly payments of $812.17 beginning on May 23, 2007.

In paragraph 2(c) of page two of the Note, Plaintiffs gave the vehicle as collateral for the loan. Paragraph 3(d) of page two of the Note provided notice that the vehicle may be repossessed if Plaintiffs defaulted on the loan.

Parks assigned the Note to Wells Fargo. Exhibits attached to the Complaint show that Wells Fargo recorded its lien with the North Carolina Department of Motor Vehicles on May 21, 2007. Plaintiffs admit that Wells Fargo transferred the Note to Defendant CFAM on June 12, 2012. Plaintiffs further admit that they made payments to CFAM and ultimately defaulted on the Note.

The Court takes judicial notice that Plaintiff Jason Vicks filed for Chapter 13 Bankruptcy in the Western District of North Carolina on June 26, 2012. See In re Vicks, Bankruptcy Case No. 3:12-bk-32648 (2012) ("First Bankruptcy"). On January 4, 2013, CFAM made an appearance and requested notice in the proceeding. On February 22, 2013, CFAM filed a Notice of Claim with the Bankruptcy Court. On March 19, 2013 the Notice of Claim was amended to correct the creditor address. The Notice of Claim included a copy of the Note, Certificate of Title, Payment History, Limited Power of Attorney, and Bill of Sale. Vicks, who was represented by counsel, made no objection to CFAM claiming an interest in the vehicle. On February 15, 2013, the Court confirmed a Chapter 13 Plan where Vicks would pay $3,250 per month to his creditors. On April 12, 2013, the Bankruptcy Court dismissed the Petition after the Trustee objected to the Chapter 13 Plan based upon Vicks' failure to file his 2010 and 2011 income tax returns. Before the dismissal, Vicks paid

$3,350 to the Trustee of the bankruptcy estate. CFAM received $2,471.10.

On April 23, 2014, Vicks filed another Chapter 13 Bankruptcy Petition in the Western District of North Carolina. See In re Vicks, Bankruptcy Case No. 3:14-bk-30679 (2014) ("Second Bankruptcy"). This time, Vicks proceeded pro se. On July 8, 2014, CFAM again made an appearance and requested notice in the proceeding. CFAM also objected to Vicks' bankruptcy plan because "[his Chapter 13] plan proposes to avoid CFAM's lien, without giving any explanation as to why the lien is voidable." Id., Dkt. Entry 24. Vicks responded that Wells Fargo had charged off the loan on his credit reports and CFAM was not registered as a debt collector under North Carolina law. Id., Dkt. Entry 26. On August 18, 2014, the Bankruptcy Court sustained CFAM's objection to the Chapter 13 plan. On November 11, 2014, Vicks' second Bankruptcy Petition was dismissed.

Accepting the allegations of the Complaint as true, CFAM was licensed by the North Carolina Department of Insurance as a debt collector on November 5, 2014. On November 7, CFAM repossessed the vehicle following an unsuccessful attempt on November 6. On November 10, 2014, CFAM sent Vicks a letter allowing him thirty days to dispute the debt. On November 11, 2014, CFAM sent him another letter informing him of its intent to sell the vehicle.

On December 17, 2014, Plaintiffs filed their Complaint. Plaintiffs' claims are based upon their theory that Defendant had no right to repossess the vehicle.

On February 2, 2015, Defendant filed its Motion to Dismiss, which has been fully briefed and is ripe for disposition.

## II. DISCUSSION OF CLAIMS

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

4

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

**B. FDCPA claim**

To prevail on a FDCPA claim, a plaintiff must sufficiently allege that (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA. Johnson v. BAC Home Loans Servicing, LP, 867 F.Supp.2d 766, 776 (E.D.N.C. 2011); Dikun v. Streich, 369 F.Supp.2d 781, 784–85 (E.D.Va. 2005) (citing Fuller v. Becker & Poliakoff, 192 F.Supp.2d 1361 (M.D.Fla.2002)). Plaintiffs have not alleged any facts supporting the third element of this claim. Clearly Defendant was entitled to repossess the vehicle according to the terms of the Note and Plaintiffs' admission that they were in default.

**C. NCDCA Claim**

The elements of a NCDCA claim are (1) an unfair act, (2) in or affecting commerce, (3) that has proximately caused plaintiff injury. Ross v. Washington Mut. Bank, 566 F. Supp. 2d 468 (E.D.N.C. 2008) aff'd sub nom. Ross v. F.D.I.C., 625 F.3d 808 (4th Cir. 2010). An unfair act

includes the use of threats, coercion, harassment, unreasonable publication of the consumer's debt, deceptive representations, and unconscionable means. N.C.Gen.Stat. §§75-51 to 56; Davis Lake Cmty. Ass'n, Inc. v. Feldmann, 138 N.C. App. 292, 296, 530 S.E.2d 865, 868 (2000). While Plaintiffs complain about the repossession of the vehicle, they fail to allege any unfair act by Defendant. For the same reasons stated above, Plaintiffs' NCDCA claim fails because Defendant was entitled to repossess the vehicle.

### D. NCUTPA claim

Plaintiffs base this claim on their NCDCA claim. See Complaint at 11 (document #1). For the same reasons discussed above, this claim also fails.

### E. Claim for "noncompliance with repossession of vehicle without a security interest."

Plaintiffs' final claim is also based upon their mistaken belief that Defendants did not have a right to repossess the vehicle. Accordingly, this claim fails.

For those reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted.

## III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss … " (document #8) be granted and the Complaint be **DISMISSED WITH PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to pro se Plaintiffs; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: April 21, 2015

_____
David S. Cayer
United States Magistrate Judge